■ KELLY & HAYES ELECTRICAL SUPPLY, INC., Appellant, v HANOVER INSURANCE COMPANY, Respondent. [637 NYS2d 205] —In an action for a judgment declaring that the defendant has the duty to defend and indemnify the plaintiff in an underlying action entitled *Amelco v Kelly & Hayes Elec. Supply*, pending in the Supreme Court, Kings County, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Yoswein, J.), dated June 9, 1994, which is in favor of the defendant and against it dismissing the complaint.

Ordered that the judgment is modified by adding thereto a provision declaring that Hanover Insurance Company has no duty to defend or indemnify Kelly & Hayes Electrical Supply, Inc., in the underlying action; as so modified, the judgment is affirmed, with costs to the respondent. .

In this declaratory judgment action, Kelly & Hayes Electrical Supply, Inc. (hereinafter Kelly), sought a judgment declaring, *inter alia*, that the defendant, Hanover Insurance Company (hereinafter Hanover) was required to defend and indemnify Kelly in an underlying negligence action commenced against it by Vincent and Angelus Amelco (hereinafter the Amelco action). Thereafter, upon Kelly's motion and Hanover's cross motion, both seeking summary judgment, the Supreme Court held that, under the facts as alleged in the complaint, coverage was excluded by the terms of the policy issued to Kelly by Hanover. We agree.

It is clear that the theory of liability in the Amelco action is based on the use of what is alleged to be a defective product of the named insured, Kelly. Further, an examination of the policy in question shows that it explicitly excluded coverage for such types of claims. Therefore, the Supreme Court

properly found that Hanover had no duty to defend or indemnify Kelly in the Amelco action (see, U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821; New Hampshire Ins. Co. v Jefferson Ins. Co., 213 AD2d 325).

In light of this determination we need not reach Hanover's remaining contentions. We have examined Kelly's remaining contentions and find them to be without merit.

We further note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of Hanover rather than dismissal of the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Joy, J. P., Hart, Goldstein and Florio, JJ., concur.