■ RYDER TRUCK RENTAL, INC., Appellant, v COMMERCIAL UNION INSURANCE COMPANY et al., Respondents. [648 NYS2d 939] —In an action for a judgment declaring that the defendants have the duty to indemnify the plaintiff for a settlement paid in an underlying personal injury action, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), entered May 12, 1995, which granted the motion of defendant Commercial Union Insurance Company for summary judgment dismissing the complaint and any cross claims insofar as they are asserted against it.

Ordered that the order is modified, on the law, by adding thereto a provision severing the action against the remaining defendant Zazy International Corporation; as so modified, the order is affirmed, with costs to the respondent Commercial Union Insurance Company, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that Commercial Union Insurance Company has no duty to indemnify Ryder Truck Rental, Inc., in the underlying action.

On December 9, 1987, the defendant Zazy International Corporation (hereinafter Zazy) leased a van from the plaintiff Ryder Truck Rental, Inc. Pursuant to the terms of the lease, Ryder provided Zazy with automobile insurance with a bodily injury coverage of $10,000 per person and $20,000 per accident. During the course of the lease agreement, the van, operated by a Zazy employee, struck a vehicle operated by Svetko Latkovic. Thereafter, Latkovic and his wife commenced an action against Ryder and the Zazy employee to recover damages for personal injuries. The personal injury action was settled for $175,000.

In August 1992 Ryder commenced this action for a judgment declaring that the defendants Zazy and Commercial Union Insurance Company (hereinafter Commercial), which had issued to Zazy an automobile insurance policy which had bodily injury coverage of $100,000 per person, were required to indemnify Ryder for the portion of the settlement it paid in excess of $10,000. The complaint alleged that Commercial was required to provide the $100,000 of bodily injury coverage for the accident. Upon Commercial's motion for summary judgment, the Supreme Court held, among other things, that coverage was excluded by the terms of the policy issued to Zazy by Commercial. We agree.

An examination of the policy in question shows that only specifically listed vehicles were provided coverage. The Ryder van was excluded from coverage as it was not one of the specifically listed vehicles. Therefore, the Supreme Court properly held that Commercial had no duty to indemnify Ryder in the Latkovic action (see, U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821; Kelly & Hayes Elec. Supply v Hanover Ins. Co., 223 AD2d 685; New Hampshire Ins. Co. v Jefferson Ins. Co., 213 AD2d 325).

In light of our determination, we need not reach Ryder's remaining contentions.

We further note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of Commercial rather than a dismissal of

the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.