■ St. Paul Fire and Marine Insurance Company, Appellant, v Home Insurance Company, Respondent. [650 NYS2d 567] —In an action, *inter alia,* for a judgment declaring that the defendant Home Insurance Company has a duty to provide coverage under a policy of insurance, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), dated August 21, 1995, which denied its motion for summary judgment, granted the defendant's cross application for summary judgment, and declared that the defendant had no duty to defend or indemnify Wade D. Lupe in an underlying personal injury action entitled *Lysiak v Lupe.*

Ordered that the order and judgment is affirmed, with costs.

Contrary to the contention of the plaintiff St. Paul Fire and Marine Insurance Company, the defendant Home Insurance Company did not have an obligation to defend or indemnify the insured in connection with a personal injury action commenced against the insured. The insurance policy at issue contained an exclusion for damages arising out of the use of "motor vehicles or all other motorized land conveyances" and the personal injury action would not have been commenced "but for" the insured's use of a bulldozer (*see, Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 350; *U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821; *Kelly & Hayes Elec. Supply v Hanover Ins. Co.,* 223 AD2d 685; *New Hampshire Ins. Co. v Jefferson Ins. Co.,* 213 AD2d 325).

In light of the above, we do not reach the plaintiff's remaining contention concerning the applicability of another exclusionary clause in the policy. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.