■ BOARD OF MANAGERS OF YARDARM CONDOMINIUM II, Appellant, v FEDERAL INSURANCE COMPANY, Respondent. [669 NYS2d 332] —In an action, *inter alia,* for a judgment declaring that the defendant Federal Insurance Company has a duty to defend and indemnify the plaintiff in an action entitled *Aaron v Chubb Group,* pending in the Supreme Court, Nassau County, under Index No. 95-20017, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Berler, J.), entered December 23, 1996, which granted the motion of the defendant Federal Insurance Company to dismiss the complaint and determined that the defendant Federal Insurance Company has no duty to defend or indemnify the plaintiff in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of an appropriate judgment.

The plaintiff in the underlying action, Estelle Aaron, owns an apartment in a condominium complex located in the Village of Westhampton Beach in Suffolk County. Because of a fire in 1993 and the reconstruction of the condominium complex, Aaron was unable to live in her unit during the 1993, 1994, and 1995 summer seasons. Aaron's casualty insurance company paid for the living expenses she incurred during the 1993 and 1994 seasons, but denied coverage for expenses incurred in 1995, on the ground that the plaintiff, the Board of Managers of Yardarm Condominium II (hereinafter the Board) did not

complete the reconstruction within a reasonable time. Aaron commenced the underlying action against the insurance company and the Board alleging, among other things, that the Board was negligent in failing to rebuild the condominium in a timely manner.

The Board was insured under an "Association Directors and Officers Liability Insurance Policy" issued by the defendant Federal Insurance Company (hereinafter Federal). Upon receiving the summons and complaint in the underlying action, the Board notified Federal of Aaron's claim and requested a defense. Federal disclaimed coverage based on a property damage exclusion in the policy, which provided that the carrier would not cover any claim that was "directly or indirectly, based on or attributable to, arising out of, resulting from or in any manner related to * * * Property Damage including loss of use thereof". The Board commenced this action seeking, *inter alia,* a judgment declaring that Federal was obligated to defend and indemnify it in the underlying action. Federal moved to dismiss the complaint, and the Supreme Court granted the motion, declaring that Federal had no duty to defend or indemnify the Board. We affirm.

The question of whether an insurance policy is ambiguous is a matter of law to be determined by the court (*see, Breed v Insurance Co.,* 46 NY2d 351, 355). Moreover, the terms of an insurance contract are not ambiguous merely because the parties interpret them differently (*see, Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 352). Notwithstanding the conclusory allegations of negligence in Aaron's complaint in the underlying action, the Supreme Court properly determined that the property damage exclusion clearly and unequivocally applied to the underlying claim, which was indirectly, if not directly, related to the property damage caused by the fire in 1993 (*see, U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendants rather than dismissal of the action (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Thompson, J. P., Joy, Goldstein and Luciano, JJ., concur.