■ LEON SCHARF et al., Appellants, v FEDERAL INSURANCE COMPANY, Respondent. [690 NYS2d 265] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered January 21, 1998, dismissing the complaint seeking a declaration that defendant insurer is obligated to defend and indemnify plaintiffs, under the subject directors and officers liability policy, for costs and liability incurred in an underlying action to compel plaintiff cooperative corporation directors to restore the cooperative corporation's building to habitability after a devastating fire, and bringing up for review the order, same court and Justice, entered January 12, 1998, granting defendant's motion to dismiss the complaint, unanimously affirmed, without costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed within the appeal from the ensuing judgment.

The IAS Court properly determined that the letters submitted by plaintiffs did not adequately notify defendant of the underlying claim. In addition, we reject plaintiffs' alternative contention that their notice of claim, given over one year after the underlying action was instituted, and after judgment subsequent to a trial had been entered against plaintiffs requiring them to restore the building, was reasonable under the circumstances. Plaintiffs knew that the claim against them might implicate their alleged negligent failure to procure adequate insurance, since it was they who raised a defense of economic infeasibility, and plaintiffs had an absolute obligation to notify defendant insurer promptly of any claim that might be covered under defendant's policy (see, AXA Mar. & Aviation Ins. v Seajet Indus., 84 F3d 622, 627-628). Moreover, giving notice of a claim after it is litigated to verdict is palpably unreasonable.

In any event, we find that the underlying claim against plaintiffs, the genesis of which was property damage caused by a fire, is excluded from coverage under the policy's property damage exclusion, which provides in relevant part that the carrier will not cover any claim "directly or indirectly, based on or attributable to, arising out of, resulting from or in any manner related to * * * Property Damage including loss of use thereof" (see, Board of Mgrs. of Yardarm Condominium II v Federal Ins. Co., 247 AD2d 499). Concur—Ellerin, P. J., Rosenberger, Wallach and Saxe, JJ.