VICTORY I, INC., a California corporation; Tampa Manor Condominium Association, Inc., a California corporation; Victory V. Inc., Plaintiffs–Appellants,

v.

FEDERAL INSURANCE COMPANY, Defendant–Appellee.

No. 00–55640.

D.C. No. CV–98–08329–CM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2001.

Decided Nov. 27, 2001.

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

## MEMORANDUM [1]

The central issue in this case is the interpretation of paragraph 3.1(C) of the policy between Federal and Victory, which excludes coverage of claims:

> Where all or part of such claim is, directly or indirectly, based on or attributable to, arising out of, resulting from or in any manner related to (including but not limited to cross-complaints for contribution or indemnity) bodily injury, sickness, disease or death of any person or for Property Damage including loss of use thereof.

(E.R. Tab 1 at 29, 39.) Federal contends that the language "based on or attributable to, arising out of, resulting from or in any manner related to" (hereafter, the "arising out of" clause) renders the exclusion applicable to Victory's claim, which arises out of an event involving property damage, although the claim itself is for negligent misrepresentation.

Victory argues that the "arising out of" clause does not modify the exclusion's reference to property damage, primarily because the word "for" preceding the "property damage" phrase sets the property damage phrase off from the personal injury phrase which is the true object of the "arising out of" preposition.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Victory presents other rules of construction in support of its interpretation, including the nearest antecedent rule and the rule against surplusage. The language of an insurance policy will be given its plain meaning and there will be no resort to rules of construction unless an ambiguity exists. *AIU Ins. Co. v. Superior Court (FMC Corp),* 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (Cal.1990) (in bank). In this case, Federal can only prevail if 3.1(C) plainly excludes Victory's claim. Although Victory clearly prevails if the plain meaning of 3.1(C) suggests otherwise, Victory also prevails if the contract language is simply ambiguous, because California law requires insurance exclusion clauses to be interpreted narrowly and against the insurer. *Continental Casualty Co. v. Phoenix Construction Co.,* 46 Cal.2d 423, 296 P.2d 801, 809 (Cal.1956). We believe that Victory presents a plausible reading of the exclusion clause that renders it at least ambiguous, and because an ambiguous exclusion is interpreted against the insurer, Federal's argument must fail. We thus reverse on the issue of coverage.

■ The district court also dismissed Victory's claims for bad faith dealing and punitive damages. "In order to establish a breach of the implied covenant of good faith and fair dealing under California law, a plaintiff must show: (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001). The district court summarily dismissed the bad faith claim because it found that no benefits were due, based on its interpretation of exclusion 3.1(C). As we hold that interpretation in error, the district court must now apply the appropriate standard to determine whether Federal's refusal to provide coverage was sufficiently unreasonable to render it liable for damages. *Congleton v. Nat'l Union Fire Ins. Co.,* 189 Cal.App.3d 51, 59, 234 Cal.Rptr. 218 (1987) ("The conduct of an insurer in rejecting a claim is unreasonable if inconsistent with placing the insured's interests above those of the insurance company and its stock holders."). We thus remand the question whether Federal's refusal to defend Victory against the Darling claim breached the covenant of good faith and fair dealing, and whether its behavior warrants punitive damages.

REVERSED in part and REMANDED.

FERNANDEZ, Circuit Judge, Concurring and Dissenting.

I agree that Federal loses the paragraph 3.1(C) agon, but it seems plain to me that the construction of that provision was subject to a good faith dispute. *See, e.g., Board of Managers of Yardarm Condominium II v. Federal Ins. Co.,* 247 A.D.2d 499, 669 N.Y.S.2d 332, 333 (N.Y.App.Div. 1998). Therefore, I dissent on the tort issue because I would hold that as a matter of law Federal did not commit a tortious breach of the covenant of good faith and fair dealing by taking the position it did. *See Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 992 (9th Cir.2001); *Congleton v. Nat'l Union Fire Ins. Co.,* 189 Cal.App.3d 51, 59, 234 Cal.Rptr. 218, 222 (1987).