OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and a judgment entered declaring that appellant is not obligated to indemnify or defend respondent Val-Blue Corporation in the lawsuit brought against it by John Hanley.
 

 Val-Blue employed Eugene DiSilvo, a retired New York City police officer, as a security guard in its nightclub. In the early morning hours of February 3, 1990, Hanley, an off-duty police officer, apprehended a suspect outside the nightclub and, with gun drawn, brought the suspect into the club in order to use the telephone. DiSilvo, in his capacity as the club’s security guard, told Hanley to drop the gun and when Hanley did not do so, DiSilvo shot him twice. Hanley claims that he identified himself as a police officer prior to the shooting, but DiSilvo claims Hanley did so only after he was shot. In his suit for damages against Val-Blue and DiSilvo, Hanley alleged that DiSilvo "negligently, carelessly and recklessly” shot him. Hanley’s complaint further charged respondeat superior, negligence in the hiring, supervision and training of employee DiSilvo, statutory violations and other claims.
 

 Val-Blue forwarded the complaint to appellant, its liability insurance carrier, seeking defense and indemnification under its coverage for accidental bodily injury. Attached to the policy is an "Assault and Battery Exclusion Endorsement” which states:
 

 "It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery and Assault and Battery shall not be deemed an accident, whether or not committed by or at the direction of the insured.”
 

 Appellant sought a declaratory judgment that it was not obligated to defend or indemnify Val-Blue because the suit was based on assault and battery. In denying appellant’s
 
 *823
 
 motion for summary judgment and dismissing the action, the trial court held that the clear language of the exclusion did not apply to the claim of negligent hiring and supervision as that claim was grounded in negligence and not based on assault and battery, and the Appellate Division affirmed. We now reverse.
 

 We agree with the Appellate Division that the language of the exclusion for suits "based on Assault and Battery” is unambiguous. Although respondents acknowledge the intentional nature of assault and battery under New York law, they claim the act of shooting Hanley — twice—was merely negligent, careless or reckless because there was no intention to shoot a police officer. The lack of DiSilvo’s intent to cause the actual harm that resulted, however, is irrelevant in determining the intentional nature of his act
 
 (Technicon Elecs. Corp. v American Home Assur. Co.,
 
 74 NY2d 66, 74-75 [lack of intent to harm environment did not avoid policy exclusion for intentional discharge of pollutants]). The injury being sued upon here is an assault and battery. The plethora of claims surrounding that injury, including those for "negligent shooting” and "negligent hiring and supervision” are all "based on” that assault and battery without which Hanley would have no cause of action.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed, with costs, and judgment granted in accordance with the memorandum herein.