OPINION OF THE COURT
 

 Simons, J.
 

 The United States Court of Appeals for the Second Circuit has certified this matter to us to settle important questions of law in this State respecting insurance coverage
 
 (see,
 
 22 NYCRR 500.17). The questions arise from the following facts.
 

 In April 1991, Lynette Hunter was criminally assaulted in an apartment building owned and managed by defendant Creative Housing Ltd. Hunter sued, the owner, alleging negligent supervision, management and control of the premises. Creative Housing sought a defense and indemnification from its insurer, plaintiff Mount Vernon Fire Ins. Co., under a policy in which Mount Vernon had agreed to pay "those sums that the insured shall become legally obligated to pay as damages because of 'bodily injury’ or 'property damage’ to which this insurance applies.” Mount Vernon instituted this diversity
 
 *350
 
 action in Federal court, seeking a declaratory judgment that it had no duty to defend or indemnify Creative Housing in Hunter’s civil lawsuit because its policy excluded coverage for claims based on assault and battery. The exclusion provided:
 

 "It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident whether or not committed by or at the direction of the insured.”
 

 The District Court dismissed Mount Vernon’s action, holding that the exclusion was ambiguous and should, under settled rules of law, be construed against the insurer and in favor of the insured. The court noted first that reasonable minds could differ on whether the language "based on assault” excluded coverage for negligence claims arising from assaults, and that it was unclear whether Hunter’s claims against Creative Housing were based on assault or on negligent maintenance of the premises. It also found the exclusion ambiguous when, as happened here, it was applied to an intentional tort committed by a third party wholly unrelated to the insured. Accordingly, the court held that the policy covered Creative Housing in Hunter’s suit.
 

 On appeal to the United States Court of Appeals for the Second Circuit, Mount Vernon maintained that the District Court’s holding was in direct conflict with New York law recently established in
 
 U.S. Underwriters Ins. Co. v Val-Blue Corp.
 
 (85 NY2d 821). In
 
 Val-Blue
 
 we held an exclusion clause containing language identical to the language found in this policy was unambiguous and precluded coverage of negligence claims. We applied a "but-for” test to determine coverage in such cases: if no cause of action would exist but for the assault, the claim is based on assault and the exclusion applies. Mount Vernon contended that under
 
 Val-Blue
 
 the District Court order had to be reversed.
 

 The Second Circuit certified the matter to us seeking answers to the following questions:
 

 "1. Is the language 'based on’ narrower than the language 'arising out of when used in an insurance policy and does the
 
 Val-Blue
 
 decision establish that neither is ambiguous?
 

 "2. When a third party rather than an insured’s employee perpetrates an assault, is the basis of the victim’s claim against the insured assault or the negligent failure to maintain safe premises?”
 

 
 *351
 
 We accepted the certified questions and now answer both in favor of plaintiff Mount Vernon by reaffirming our prior holdings that the phrases "based on” and "arising out of”, when used in insurance policy exclusion clauses, are unambiguous and legally indistinguishable, and that when a third party perpetrates an assault, the basis of the victim’s claim for negligent failure to maintain safe premises against the insured is assault.
 

 I
 

 The Federal courts’ uncertainty with respect to the first certified question arises from two prior New York decisions in negligent entrustment cases.
 

 Lalomia v Bankers & Shippers Ins. Co.
 
 (35 AD2d 114,
 
 affd on opn below
 
 31 NY2d 830), involved a claim against a father after the motorized bicycle his son was operating collided with decedent’s automobile. The father sought coverage under his homeowners’ insurance policy for the claim asserted against him. The Appellate Division determined that a clause in the father’s policy which excluded coverage for damages "directly related to the 'ownership, maintenance, operation and use’ ” of a vehicle did not preclude coverage of a negligent entrustment claim arising from the accident. (35 AD2d, at 117.) We affirmed.
 

 More recently, in
 
 Cone v Nationwide Mut. Fire Ins. Co.
 
 (75 NY2d 747) under facts substantially similar to those in
 
 Lalomia,
 
 we adopted the
 
 Lalomia
 
 reasoning and held that a claim of negligent entrustment of an automobile was not excluded from coverage under a similar motor vehicle exclusion in defendant’s homeowners’ policy. Moreover, we held that any minor variation in the language between "arising out of’, used in the policy exclusion in
 
 Cone,
 
 and the "based directly on” language, used in the policy exclusions in
 
 Lalomia,
 
 was "too insignificant to permit varying legal consequences”
 
 (id.,
 
 at 749).
 

 Those decisions were followed by
 
 U.S. Underwriters Ins. Co. v Val-Blue Corp. (supra). Val-Blue
 
 involved a claim by an off-duty police officer shot by a nightclub’s security guard when he tried to use the club’s telephone on business. He sued the nightclub on a claim based upon negligent hiring, supervision and training. In contrast to the
 
 Lalomia
 
 and
 
 Cone
 
 decisions, the
 
 Val-Blue
 
 Court refused to separate the police officer’s theory of liability, i.e., negligent hiring and supervision, from the operative act of assault excluded from coverage under the policy. We
 
 *352
 
 held that inasmuch as the negligence claim could not be established without proving the underlying assault the exclusion applied.
 

 Similarly, though Hunter’s claim sounds in negligence, the theory she asserts has little to do with whether the injury sought to be compensated was based on an assault excluded under the policy. Instead, the language of the policy controls this question and while the theory pleaded may be the insured’s negligent failure to maintain safe premises, the operative act giving rise to any recovery is the assault. While the insured’s negligence may have been a proximate cause of plaintiffs injuries, that only resolves its liability; it does not resolve the insured’s right to coverage based on the language of the contract between him and the insurer. Merely because the insured might be found liable under some theory of negligence does not overcome the policy’s exclusion for injury resulting from assault
 
 (see, New Hampshire Ins. Co. v Jefferson Ins. Co.,
 
 213 AD2d 325;
 
 Ruggerio v Aetna Life & Cas. Co.,
 
 107 AD2d 744).
 

 Creative Housing has sought to avoid the impact of the clear language of the policy exclusion here by claiming that its language is ambiguous and does not foreclose coverage for the nonexcluded conduct pleaded. However, provisions in a contract are not ambiguous merely because the parties interpret them differently
 
 (see, Sayers v Rochester Tel. Corp.,
 
 7 F3d 1091, 1095 [2d Cir 1993]) and nothing can obscure the fact that Hunter’s claim is based upon an assault for which coverage is excluded
 
 (see, Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,
 
 96 AD2d 942, 943,
 
 affd on opn below
 
 61 NY2d 665).
 

 Our interpretation of the exclusionary language in
 
 Cone
 
 and
 
 Val-Blue
 
 resolves the first question certified. There is no significant difference between the meaning of the phrases "based on” and "arising out of’ in the coverage or exclusion clauses of an insurance policy
 
 (Cone v Nationwide Mut. Fire Ins. Co.,
 
 75 NY2d, at 749,
 
 supra; U.S. Underwriters Ins. Co. v Val-Blue Corp.,
 
 85 NY2d, at 823,
 
 supra).
 
 Moreover, we find neither phrase to be ambiguous.
 

 Insofar as our decisions in
 
 Cone v Nationwide Mut. Fire Ins. Co. (supra)
 
 and
 
 Lalomia v Bankers & Shipper’s Ins. Co.
 
 (35 AD2d 114,
 
 affd
 
 31 NY2d 830,
 
 supra)
 
 cannot be readily harmonized with
 
 Val-Blue,
 
 those decisions should be limited to their facts.
 

 
 *353
 
 II
 

 The Court of Appeals also asked:
 

 "2. When a third party rather than an insured’s employee perpetrates an assault, is the basis of the victim’s claim against the insured assault or the negligent failure to maintain safe premises?”
 

 Our interpretation of the exclusion clause fully resolves the question of coverage. If no cause of action would exist "but for” the assault, it is immaterial whether the assault was committed by the insured or an employee of the insured on the one hand, or by a third party on the other. Moreover, the language of the exclusion clause provides that there will be no coverage for any suit based on assaults "whether or not committed by or at the direction of the insured.” That language encompasses claims based on assault committed by employees of insured or unrelated third parties. Coverage is excluded on either ground.
 

 Accordingly, certified question No. 1 should be answered in the negative and certified question No. 2 answered by stating that the basis of the victim’s claim against the insured is assault.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question No. 1 answered in the negative and certified question No. 2 answered by stating that the basis of the victim’s claim against the insured is assault.