■ EAGLE INSURANCE COMPANY, Appellant, v RITE-WAY AUTO SCHOOL, INC., et al., Respondents, et al., Defendants. [693 NYS2d 213] —In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify its insureds, the defendants Rite-Way Auto School, Inc., and William Palumbo, in an action in the Supreme Court, New York County entitled *Anderson v Arias,* pending under Index No. 119863/96, and that the defendant Providence Washington Insurance Company is obligated to provide the defense and indemnification, the plaintiff appeals from an order of the Supreme Court, Nassau County (Schmidt, J.), entered April 15, 1998, which granted the motion of the defendants Rite-Way Auto School, Inc., and William Palumbo for summary judgment declaring that it was so obligated and denied its cross motion for summary judgment, *inter alia,* declaring that the defendant Providence Washington Insurance Company, is obligated to provide defense and indemnification.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Ling Anderson was driving an automobile owned by the defendant Rite-Way Auto School, Inc. (hereinafter Rite-Way), when she was involved in an accident. She commenced an action (hereinafter the Anderson lawsuit) in New York County against, among others, Rite-Way and its driving instructor, the defendant William Palumbo. The complaint in the Anderson lawsuit alleged, *inter alia*, that Palumbo was negligent in refusing Anderson's request to postpone the driving lesson due to inclement weather. Rite-Way's insurer, the plaintiff, Eagle Insurance Company (hereinafter Eagle), disclaimed coverage for injuries arising out of the accident. Eagle commenced the instant action seeking a declaration that it is not obligated to defend or indemnify Rite-Way in the Anderson lawsuit because the allegations in the complaint reveal that Rite-Way's alleged liability is based on a claim of negligent supervision, and therefore Anderson's injuries did not result from the "ownership, maintenance or use" of a covered automobile.

We agree with the Supreme Court that Eagle is obligated to defend and indemnify both Rite-Way and Palumbo, an additional insured under the policy, in the Anderson lawsuit. The right to coverage is controlled by the language of the contract (*see, Mount Vernon Fire Ins. Co. v Creative Hous.,* 88 NY2d 347, 352), and the subject policy applied to injuries "resulting from the ownership, maintenance or use" of a covered automobile. Although the theory of negligence in the Anderson lawsuit is relevant to Rite-Way's liability, the "operative fact giving rise to any recovery" is Anderson's operation of Rite-Way's automobile (*Mount Vernon Fire Ins. Co. v Creative Hous., supra,* at 352; *see also, U.S. Underwriters Ins. Co. v Val-Blue Corp.,* 85 NY2d 821; *New Hampshire Ins. Co. v Jefferson Ins. Co.,* 213 AD2d 325; *Ruggerio v Aetna Life & Cas. Co.,* 107 AD2d 744).

Further, contrary to Eagle's contention, the Supreme Court properly declined to issue a declaration with respect to the duty and obligation of the Providence Washington Insurance Company to defend and indemnify Rite-Way in the Anderson lawsuit, as that policy was not submitted to it (*see, e.g., American Ref-Fuel Co. v Resource Recycling,* 248 AD2d 420, 425). O'Brien, J. P., Sullivan, Joy and Smith, JJ., concur.