11 P.3d 859 (2000)
103 Wash.App. 106
Grant E. McALLISTER, Appellant,
v.
AGORA SYNDICATE, INC., an Illinois corporation, a foreign insurer, Respondent.
No. 45597-4-I.
Court of Appeals of Washington, Division 1.
October 30, 2000.
Heidi Nuss Imhof, Erik Francis Ladenburg, Krilich La Porte West & Lockner PS, Tacoma, for Appellant.
Jerret E. Sale, Elizabeth Curie Kim, Bullivant Houser Bailey P.C., Seattle, for Respondent.
COLEMAN, J.
This case involves the interpretation and application of an assault and battery exclusion in a commercial general liability insurance policy issued by respondent Agora Syndicate, Inc. to Entertainment Unlimited, Inc., (d/b/a DV8 Nightclub). Appellant Grant McAllister was injured in an altercation with another patron at DV8 and subsequently filed suit against his assailant and Entertainment Unlimited. Entertainment Unlimited executed an admission of liability and entered into a settlement agreement with McAllister in which it assigned to him its rights under the Agora policy. Agora denied coverage of the claim on the ground that it fell under the policy's assault and battery exclusion.
*860 Although McAllister's claim alleged Entertainment Unlimited's negligence, the underlying occurrence was the assault and battery. Because the assault and battery exclusion applied to claims "based on assault and/or battery," the trial court's dismissal of the claim is affirmed.

FACTS
On an evening in May 1996, Grant McAllister and two friends went to the DV8 Nightclub. Earlier that evening, one of the men accompanying McAllister had been removed from the club following an altercation with another patronMichael Fuller. DV8 staff allowed both Fuller and McAllister's friend to reenter the club. Fuller confronted McAllister and began yelling at him. McAllister's friends informed DV8 security personnel of the ensuing melee, but they failed to take any action. Following a lengthy verbal tirade, Fuller struck McAllister in the face, fracturing his left orbital lobe and rendering him unconscious. Fuller was arrested, taken to jail, and subsequently convicted of assault.
McAllister filed suit against Entertainment Unlimited in January 1997. Agora Syndicate, Inc., denied coverage of the claim on the ground that it fell within the assault and battery exclusion in Entertainment Unlimited's policy. Pursuant to a settlement agreement, Entertainment Unlimited assigned to McAllister its rights under the insurance contract and executed an admission of liability.
McAllister commenced a declaratory action against Agora, and both parties filed motions for summary judgment. The trial court granted Agora's motion for summary judgment and denied McAllister's motion. Specifically, the court held: (1) McAllister's claims against Agora were excluded by the assault and battery exclusion contained in the policy issued by Agora to Entertainment Unlimited; (2) Agora had no duty to defend or indemnify Entertainment Unlimited against McAllister's claims; and (3) all of McAllister's other claims against Agora were dismissed with prejudice.[1]

DISCUSSION
The policy issued by Agora to Entertainment Unlimited covers bodily injury and property damage that is caused by an "occurrence" that takes place in the coverage territory.[2] The policy also includes an endorsement entitled "Assault and Battery Exclusion" that reads: "It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on assault and/or battery, and assault and/or battery shall not be deemed an occurrence, whether or not committed by or at the direction of the insured." Agora based its denial of Entertainment Unlimited's claim on this provision.
McAllister argues that the denial of the claim was inappropriate because it was based on alleged negligence and thus did not fall under the assault and battery exclusion. He proposes that the exclusion should be read to cover only intentional acts of the club's employees.[3] McAllister concludes that the endorsement is at best ambiguous in its application to a negligence claim against the insured.
Language in an insurance policy that is susceptible of two different but reasonable interpretations is ambiguous and must be liberally construed in favor of the insured. Teague Motor Co. v. Federated Serv. Ins. Co., 73 Wash.App. 479, 482, 869 P.2d 1130 (1994). In addition, exclusionary clauses should be construed against the insurer with special strictness. Tewell, Thorpe, & Findlay, Inc. v. Continental Cas. *861 Co., 64 Wash.App. 571, 575, 825 P.2d 724 (1992). But a court may not give an insurance contract a "`strained or forced construction which would lead to an extension or restriction of the policy beyond what is fairly within its terms....'" Tewell, 64 Wash.App. at 576, 825 P.2d 724 (quoting Morgan v. Prudential Ins. Co. of Am., 86 Wash.2d 432, 434, 545 P.2d 1193 (1976)). Similarly, the rule that ambiguous contract language is to be construed in favor of the insured and most strongly against the insurer should not be permitted to have the effect of making a plain agreement ambiguous. West Am. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 80 Wash.2d 38, 44, 491 P.2d 641 (1971).
Agora argues that the exclusion is unambiguous and precludes coverage in this case. Although the interpretation of an assault and battery exclusion is an issue of first impression in Washington, Agora points to several cases from other jurisdictions in which courts found nearly identical assault and battery exclusions to be applicable to claims similar to McAllister's.[4] We find the courts' reasoning in these cases to be persuasive and applicable to the present case.
In United States Underwriters Ins. Co. v. Val-Blue Corp., 85 N.Y.2d 821, 623 N.Y.S.2d 834, 647 N.E.2d 1342 (N.Y.1995), an off-duty police officer apprehended a suspect outside the insured's nightclub and escorted him into the club at gunpoint. A club security guard told the officer to drop the gun but then shot him twice when he did not immediately comply. The officer sued the nightclub, alleging negligence in the hiring, supervising, and training of the security guard. The club's insurance carrier denied coverage on the basis of an assault and battery exclusion almost identical to the one in this case. On the issue of whether the claim was "based on assault and battery" or based on negligence as argued by the officer, the court found the exclusion to be unambiguous. The court stated that "[t]he injury being sued upon here is an assault and battery" and that "[t]he plethora of claims surrounding that injury, including those for ... `negligent hiring and supervision' are all based on that assault and battery, without which the officer would have no cause of action." Val-Blue, 85 N.Y.2d at 823, 623 N.Y.S.2d 834, 647 N.E.2d 1342.
In Mount Vernon Fire Ins. Co. v. Creative Hous., Ltd., 88 N.Y.2d 347, 645 N.Y.S.2d 433, 668 N.E.2d 404 (N.Y.1996), a tenant sued a landlord for negligent supervision, management, and control of the property after the tenant was assaulted by a third party. Again, the landlord's insurance policy contained an assault and battery exclusion similar to the one in this case. The court found that the exclusion precluded coverage of the claim, stating that "[w]hile the insured's negligence may have been a proximate cause of the plaintiff's injuries, that only resolves the plaintiff's liability; it does not resolve the insured's right to coverage based on the language of the contract between him and the insurer." Creative Hous., 88 N.Y.2d at 352, 645 N.Y.S.2d 433, 668 N.E.2d 404.
We find the assault and battery exclusion in the Agora policy to be unambiguous in its application to McAllister's claim, which is ultimately "based on" assault and battery in the sense that without first establishing the underlying assault, negligence cannot be proved. We are convinced that an average policyholder would reach the same conclusion. Furthermore, the policy covers damage caused by "occurrences" and the exclusion explicitly removes assault and/or battery from that definition. Therefore, we find that coverage of the claim was properly denied.
Affirmed.
BECKER, J., and COX, J., concur.
NOTES
[1] In addition to the claim for negligent failure to protect his person, McAllister also brought claims against Agora for violation of the Consumer Protection Act, violation of insurance laws under RCW Title 48, breach of contract, and bad faith. None of these claims are before this court.
[2] "Occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."
[3] McAllister suggests that a reasonable policyholder could interpret the exclusion to apply only to assault and battery committed by the insured and its employees. The exclusion states, however, that no coverage shall apply to any claim for assault and/or battery "whether or not committed by or at the direction of the insured."
[4] See Taylor v. Duplechain, 469 So.2d 472 (La.Ct. App.1985) (assault and battery exclusion applied to negligence claim against bar following plaintiff's injury in a fight with another patron); Terra Nova Ins. Co. v. North Carolina Ted, Inc., 715 F.Supp. 688 (E.D.Pa.1989) (assault and battery exclusion applied to negligence claim against bar after plaintiff was shot by another patron); Roloff v. Taste of Minnesota, 488 N.W.2d 325 (Minn. Ct.App.1992) (assault and battery exclusion applied to negligence claim against festival sponsor after plaintiff was assaulted by another festival patron).