**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HILB ROGAL & HOBBS INSURANCE SERVICES OF CALIFORNIA, INC., <br><br>          Plaintiff-counter-defendant - Appellant, <br><br>  and <br><br> HILB ROGAL & HOBBS COMPANY, <br><br>          Third-party-defendant - Appellant, <br><br>  v. <br><br> INDIAN HARBOR INSURANCE COMPANY, <br><br>          Defendant-third-party-plaintiff -counter-claimant - Appellee. | No. 08-56968 <br><br> D.C. No. 2:07-cv-07104-JFW-JC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted May 4, 2010
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW, District Judge.[**]

Indian Harbor Insurance Company ("Indian Harbor") denied coverage of an insurance claim that Hilb Rogal & Hobbs Insurance Services of California, Inc. ("HRH") filed under its professional liability policy with Indian Harbor. HRH brought suit for, *inter alia*, declaratory relief regarding the policy's coverage. The district court awarded summary judgment to Indian Harbor. HRH timely appealed.

I

The professional liability insurance policy sold by Indian Harbor to HRH excludes coverage for "claims *based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving* . . . any claim, cause of action, demand, arbitration, litigation or other legal or quasi-legal proceeding" pending on or resolved prior to the date of inception of the policy or "*any actual or alleged act*, error, misleading statement, omission, misstatement or breach of duty *underlying or alleged* in any such [litigation]."

Such "pending and prior litigation" exclusion bars coverage of the claim in this case. The failure of HRH to obtain workers' compensation coverage for its client Rhino Linings is an "act . . . underlying or alleged in" prior litigation. Under

---

[**] The Honorable Joan Humphrey Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

2

California law, the tort lawsuit brought against Rhino Linings by its employee before the inception of the policy could not have proceeded to judgment if Rhino Linings had had workers' compensation coverage. *Graphic Arts Mut. Ins. Co. v. Time Travel Int'l, Inc.*, 23 Cal. Rptr. 3d 864, 870 (Cal. Ct. App. 2005). The failure to obtain coverage was, therefore, an "act" that underlay that lawsuit. Moreover, HRH's claim in this case "arises out of" that "act." Both New York and California have interpreted the "arising out of" phrase to mean merely "having a connection with." *See New Hampshire Ins. Co. v. Jefferson Ins. Co.*, 624 N.Y.S.2d 392, 396 (N.Y. App. Div. 1995); *Century Transit Sys., Inc. v. Am. Empire Surplus Lines, Inc.*, 49 Cal. Rptr. 2d 567, 571 n.4 (Cal. Ct. App. 1996). There is such a connection in this case because both the prior litigation and the current claim feature the *same* failure to obtain workers' compensation coverage.

## A

HRH argues that the policy provides coverage when interpreted in light of HRH's reasonable expectations. We disagree. The language of the policy is the best indicator of a party's reasonable expectations, *see Maurice Goldman & Sons, Inc. v. Hanover Ins. Co.*, 607 N.E.2d 792, 793 (N.Y. 1992); *AIU Ins. Co. v. Superior Court*, 799 P.2d 1253, 1264 (Cal. 1990) (internal citations omitted), especially when both parties are sophisticated insurance entities that negotiated the

3

terms of the policy, *e.g.*, *Int'l Flavors & Fragrances, Inc. v. Royal Ins. Co.*, 844

N.Y.S.2d 257, 260 (N.Y. App. Div. 2007); *Garcia v. Truck Ins. Exchange*, 682

P.2d 1100, 1105-06 (Cal. 1984). HRH has not provided evidence of a reasonable

expectation of coverage for the type of claim in this case. General statements that

HRH sought a claims-made policy do not establish a reasonable expectation of

coverage for a particular situation in which a claims-made policy interacts with

California workers' compensation law.

## B

HRH also argues that the policy is ambiguous. We disagree. *ML Direct,*

*Inc. v. TIG Specialty Ins. Co.*, 93 Cal. Rptr. 2d 846, 852-53 (Cal. Ct. App. 2000)

(holding that "arising out of" prefatory clause is not ambiguous); *Mount Vernon*

*Fire Ins. Co. v. Creative Hous. Ltd.*, 668 N.E.2d 404, 405 (N.Y. 1996) (same). It is

true, as HRH argues, that the language is broad. But broad language is not

necessarily ambiguous language. *ML Direct*, 93 Cal. Rptr. 2d at 853; *Mount*

*Vernon Fire Ins. Co.*, 668 N.E.2d at 405.

## C

HRH maintains that the interpretation we adopt improperly institutes a "but

for" test regarding the connection between a claim and prior litigation, instead of a

"significant factual nexus" test. *ML Direct*, 93 Cal. Rptr. 2d at 853 (adopting

factual nexus test).  That is incorrect.  We do not hold that the claim is excluded by the policy solely because it would not have arisen "but for" the lawsuit between the employee and Rhino Linings.  Rather, we hold, as did the district court, that the claim is not covered because it "arises out of" an "act . . . underlying or alleged in" prior litigation, namely the failure to obtain workers' compensation coverage that allowed the employee suit to proceed to judgment.  The importance of that *same* failure in both the employee suit and the claim at issue constitutes the required "factual nexus" between them.

## II

The order of the district court awarding summary judgment to Indian Harbor is **AFFIRMED**.