**CAPITOL SPECIALTY INSURANCE CORPORATION, Plaintiff,**

v.

**The BEACH EATERY & SURF BAR, LLC, d/b/a Jack Didley's Eatery and Catering; Eric Todd Jones and Rebecca Jones, husband and wife and the marital community composed thereof; Benjamin Adam Trudeau and Jane Doe Trudeau, husband and wife and the marital community composed thereof; Matthew Thomas Hibbard and Jane Doe Hibbard, husband and wife and the marital community composed thereof; Michael V. Eisele and Jane Doe Eisele, husband and wife and the marital community composed thereof; Michael D. Cates; and John and Jane Does 1–5, Defendants.**

No. CV–13–05041–EFS.

United States District Court, E.D. Washington.

Signed July 30, 2014.

Frank Joseph Steinmark, McCafferty & Steinmark PLLC, Seattle, WA, for Plaintiff.

Paul J. Lawrence, Hickory M. Gateless, Pacifica Law Group, Seattle, WA, Douglas Dwight Phelps, Phelps & Associates, Spokane, WA, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION TO STRIKE

EDWARD F. SHEA, Senior District Judge.

## I. *INTRODUCTION*

Before the Court, without oral argument, is Plaintiff's Motion for Summary Judgment Regarding Assault or Battery Exclusion, ECF No. 21; Defendants'[1] Cross–Motion for Summary Judgment, ECF No. 24; and Plaintiff's Motion to Strike Certain Evidence Offered in Response and Cross–Motion to Plaintiff's Motion for Summary Judgment Regarding Assault or Battery Exclusion and Memorandum of Authorities, ECF No. 33. Having reviewed the pleadings and the file in this matter, the Court is fully informed. For the reasons that follow, the Court partially grants Plaintiff's Motion for Summary Judgment finding that the Assault or Battery Exclusion creates no duty to defend the defamation claim in the underlying lawsuit, partially grants Defendants' Cross–Motion for Summary Judgment finding an ambiguity as to reasonable

---

1. Note that this motion is joined by all defendants with the exception of Michael D. Cates.

force, and denies Plaintiff's Motion to Strike.

## II. *BACKGROUND*

### A. Factual History [2]

The catalyst for the present case is an altercation between Michael D. Cates and certain staff members of Jack Didley's Eatery & Catering, a property operated by The Beach Eatery & Surf Bar, LLC (hereafter referred to, in a term including its staff, as the "Beach Eatery") in Kennewick, Washington on February 18–19, 2011. In that case, Cates was a patron at Jack Didley's. Cates received several injuries as a result of being ejected from the bar. Cates filed a lawsuit (hereafter referred to as the "Cates lawsuit") in Benton County Superior Court against Beach Eatery alleging assault, negligent hiring and selection, negligent supervision, negligent training, negligent retention, intentional infliction of emotional distress, defamation, negligence (excessive force), and respondeat superior.

At issue, in the factual context of this case, is the interpretation of a commercial general liability insurance policy executed between Capitol Insurance and Beach Eatery which was titled Commercial General Liability Coverage Form and Liquor Liability Coverage Form. Included in the insurance policy is a 4–part document and endorsement titled "Assault or Battery Exclusion" which is meant to modify both the Commercial General Liability Form and the Liquor Liability Coverage Form. Sections A and B of the Assault or Battery Exclusion exclude from insurance coverage under the policy certain types of harm.

Section A, which applies to the Commercial General Liability Coverage Form, excludes from insurance coverage what it defines as expected or intended "bodily harm" and "property damage." Section B, which applies to the Liquor Liability Coverage Form, excludes from insurance coverage what it defines as expected or intended "injury." Section A states that "[t]his exclusion does not apply to 'bodily injury' or 'property damage' resulting from the use of reasonable force by any insured to protect persons or property." Section B states that "[t]his exclusion does not apply to 'injury' resulting from the use of reasonable force by any insured to protect persons or property." Both Parts A and B except the use of reasonable force from the Expected or Intended Injury policy exclusion, and thus allow coverage for harm resulting from the use of reasonable force. In other words, Parts A and B (hereafter referred to as the "reasonable force provisions") disallow coverage for damage resulting from expected or intended harm, but allow coverage when the resulting harm is the product of reasonable force.

Part C, however, also titled " 'Assault or Battery' Exclusion," rejects this idea in what will hereafter be referred to as the "no force provision," stating that:

> This insurance does not apply to, nor shall we have a duty to defend, any claim or "suit" seeking damages or expenses due to "bodily injury," "property damage," "personal and advertising injury" or "injury", as defined respectively in the Commercial General Liability Coverage Form and Liquor Liability

---

2. When considering the summary judgment motions and drafting this background section, the Court 1) took as true all undisputed facts; 2) viewed all evidence and drew all justifiable inferences therefrom in non-moving party's favor; 3) did not weigh the evidence or assess credibility; and 4) did not accept assertions made that were flatly contradicted by the record. *See Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Coverage Form, arising out of, resulting from, or in connection with any of the following acts or omissions regardless of their sequence or any concurring cause:
. . . .

 e. The use of any force or property whether or not the "bodily injury", "property damage", "personal or advertising injury" or "injury" was committed by or at the direction of you, any insured or any person or legal entity; . . . ."

The reasonable force exceptions to the Assault and Battery Exclusion in Parts A and B seem to conflict with Part C's provisions regarding any force. While Parts A and B allow coverage for those who use reasonable force, Part C seems to say that the use of any force precludes insurance coverage. The question this court must answer is which provision controls: the reasonable force provisions or the no force provision. Concurrently, Defendants ask the Court to decide that Plaintiff has a duty to defend Beach Eatery in the Cates lawsuit.

**B. Procedural History**

 In Washington State, "[i]f the insurer is uncertain of its duty to defend, it may defend under a reservation of rights and seek a declaratory judgment that it has no duty to defend." *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 54, 164 P.3d 454 (Wash.2007). Plaintiff followed this protocol by sending a Reservation of Rights Letter dated March 25, 2013, to Beach Eatery, and filing this declaratory. action to determine if Plaintiff has a duty to defend Beach Eatery in the Cates lawsuit.

Plaintiff filed its Motion for Summary Judgment Regarding Assault or Battery Exclusion, claiming that the Assault or Battery Exclusion in the insurance policy, namely Part C subsection (e) on the use of any force, precludes insurance coverage

for the defendants in the Cates lawsuit, as it is uncontested that there was the use of at least some force in that altercation. ECF No. 21 at 9. Plaintiff cites *McAllister v. Agora Syndicate, Inc.*, 103 Wash.App. 106, 111, 11 P.3d 859 (2000), which says that if there is an assault or battery exclusion and there are claims "ultimately based on assault and battery in the sense that without first establishing the underlying assault, negligence cannot be proved," the exclusion denies coverage for those claims that while not actually titled "assault" or "battery," are claims that are not possible unless there is the assault or battery to begin with. ECF No. 21 at 10–12.

 Defendants in their response to Plaintiff's Motion for Summary Judgment, and in filing their own Cross–Motion for Summary Judgment, argue that the no force provision does not apply to the reasonable force provisions, or in the alternative, that the entire Assault or Battery Exclusion is ambiguous due to a conflict between the no force provision and the reasonable force provisions. ECF No. 24 at 6–8, 11, 14–15. Washington insurance law states that "[t]he duty to defend arises where the complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wash.2d 398, 404–05, 229 P.3d 693 (2010). Defendants point out that Washington law states that doubts and ambiguities are read in favor of insurance coverage. *Id.* at 411, 229 P.3d 693; ECF No. 24 at 10. Defendants argue that Plaintiff owes them a duty to defend, asserting that there is at least an ambiguity in the Assault or Battery Exclusion with conflicting terms directly controlling whether or not a duty to defend in the Cates lawsuit exists. ECF No. 24 at 6–8, 11, 14–15.

Plaintiff also moves to strike certain testimony by Matthew Hibbard, General Manager of Jack Didley's, whose staff allegedly assaulted Cates in the underlying lawsuit. ECF No. 33. This testimony is contained in what is hereafter called the "Hibbard Declaration." ECF No. 28; ECF No. 33 at 3. The Hibbard Declaration is a Post–Incident Report that Hibbard wrote regarding the February 18–19, 2011 altercation between Cates and the staff of the Beach Eatery. ECF No. 28. The report shows Hibbard's recollection of what happened during that altercation, which appears to show that the Beach Eatery's staff exercised reasonable force towards Cates. *Id.* Defendants rely on the Hibbard Declaration to further their argument that they exercised reasonable force. ECF No. 24 at 12. Plaintiff argues that this testimony should be stricken under Federal Rules of Evidence 401, 402, and 403, because the testimony is irrelevant to the case before this Court, as the testimony does not answer the question of whether Cates' claims are covered under the policy. ECF No. 33 at 3.

### III. *PARTIES' MOTIONS FOR SUMMARY JUDGMENT*

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party opposing summary judgment must point to specific facts establishing a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the non-moving party fails to make such a showing for any of the elements essential to its claim for which it bears the burden of proof, the trial court should grant the summary judgment motion. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. 2548.

### B. Legal Standard for Interpreting Insurance Policies

The construction of an insurance contract is a question of law. *State Farm Gen. Ins. Co. v. Emerson,* 102 Wash.2d 477, 480, 687 P.2d 1139 (1984); *Bordeaux, Inc. v. Am. Safety Ins. Co.,* 145 Wash.App. 687, 694, 186 P.3d 1188 (2008). Courts construe insurance policies as contracts. *Quadrant Corp. v. American States Ins. Co.,* 154 Wash.2d 165, 171, 110 P.3d 733 (2005). We consider the policy as a whole and give it a "'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Weyerhaeuser Co. v. Commercial Union Ins. Co.,* 142 Wash.2d 654, 15 P.3d 115, 122 (2000) (quoting *Am. Nat'l Fire Ins. Co. v. B & L Trucking & Constr. Co.,* 134 Wash.2d 413, 427–28, 951 P.2d 250 (1998)). "The language in standard form policies is interpreted in accord with the understanding of the average purchaser even if the insured is a large corporation with company counsel." *Queen City Farms, Inc. v. Central Nat'l Ins. Co. of Omaha,* 126 Wash.2d 50, 66, 882 P.2d 703 (1994) (quoting *Boeing Co. v. Aetna Cas. & Sur. Co.,* 113 Wash.2d 869, 882–83, 784 P.2d 507 (1990)). "[I]f the policy language is clear and unambiguous," the court "must enforce it as written;" the court "may not modify it or create ambiguity where none exists." *Quadrant,* 154 Wash.2d at 171, 110 P.3d 733 (2005). A policy is ambiguous only if its provisions are susceptible to two different interpretations, both of which are reasonable. *Allstate Ins. Co. v. Peasley,* 131 Wash.2d 420, 424, 932 P.2d 1244 (1997). Courts resolve

ambiguity in favor of the insured. *Moeller v. Farmers Ins. Co. of Wash.*, 173 Wash.2d 264, 272, 267 P.3d 998 (2011). "Courts interpreting insurance policies should be bound by definitions provided therein." *Overton v. Consolidated Ins. Co.*, 145 Wash.2d 417, 427, 38 P.3d 322 (2002).

## C. Analysis

### 1. *The Insurance Policy Is Ambiguous, and Thus, Reasonable Force Is an Exception to the Expected Or Intended Injury Exclusion*

 "The first step in interpreting an insurance contract is to determine if the policy language is ambiguous." *Alaska Nat'l Ins. Co. v. Bryan*, 125 Wash.App. 24, 30, 104 P.3d 1 (2004). This court finds the document to be ambiguous after comparing the reasonable force provisions of Parts A and B to the no force provision of Part C. The reasonable force provisions in Parts A and B conflict directly with the no force provision in Part C. While Parts A and B allow reasonable force to be an exception to the Expected Or Intended Injury Exclusion, thus providing coverage where reasonable force was used, Part C disallows coverage in all circumstances where any force was used. Furthermore, the no force provision and the reasonable force provisions are in the same short three-page endorsement, with the reasonable force provisions on the page immediately preceding that of the no force provision, which does not refer in any way to the reasonable force provisions. The insurance policy is thus capable of two reasonable and different interpretations in the factual context of the Cates lawsuit alleging assault brought about by Beach Eatery. *See Allstate*, 131 Wash.2d at 424, 932 P.2d 1244. One interpretation is that the use of any force by the insured completely blocks insurance coverage. A second interpretation is that the insured is guaranteed insurance coverage if the insured exercises reasonable force. As it is impossible to reconcile these two provisions in a way that makes sense and avoids ambiguity, the Court must follow contract law to interpret the insurance policy and the endorsement. *Quadrant*, 154 Wash.2d at 171, 110 P.3d 733.

 The court may decide this issue on summary judgment, as interpretation of an insurance contract is a question of law. *State Farm*, 102 Wash.2d at 480, 687 P.2d 1139. Insurance contracts are of a different character from regular contracts though, in that they are construed in favor of coverage. *Moeller*, 173 Wash.2d at 272, 267 P.3d 998. Even more important is the rule that "exclusionary clauses are to be most strictly construed against the insurer." *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wash.2d 65, 68, 659 P.2d 509 (1983). The endorsement at issue in this case is such an exclusion, and as there are two different but reasonable interpretations present in the exclusion, the Court must construe it in favor of the insured, and give effect to the provision which allows coverage. *Moeller*, 173 Wash.2d at 272, 267 P.3d 998. Thus, the Court rules that the reasonable force provisions apply over the no force provision.

Additionally, Plaintiff relies upon *Montpelier U.S. Insurance Co. v. Boku L.L.C.*, No. 12–CV–01457, 2014 WL 1246767 (D.Conn. Mar. 24, 2014), asserting that reasonable force language in an Expected or Intended Injury Exclusion does not conflict with an Assault or Battery Exclusion. However, it is important to note that the provisions at issue here appear in an endorsement titled "Assault or Battery Exclusion," which in turn modifies documents purporting to insure Defendants in documents titled "Commercial General Liability Coverage Form" and "Liquor Liability Coverage Form." ECF No. 1–1 at 69–71.

As this court must interpret the insurance contract through the eyes of an average insurance purchaser, it is unlikely that an average insurance purchaser would know that in agreeing to an endorsement and modification titled "Assault or Battery Exclusion," that they are not only agreeing not to be insured for assault and battery, but to also not be insured when *any* force is used. *See Woo,* 161 Wash.2d at 52, 164 P.3d 454. Upon reading the reasonable force provisions, average purchasers would immediately believe that they are still covered under circumstances where the insured exerts reasonable force, because it says exactly that on the first page of the endorsement in plain language. *See id.* The absence of any language in the no force provision which even hints at modifying the reasonable force provisions creates in the average insurance purchaser an expectation of insurance coverage in cases where reasonable force was exercised. *See Weyerhaeuser,* 15 P.3d at 122. Accordingly, this court finds that the no force provision does not apply where the expected or intended damages resulted from the use of reasonable force as set forth in the Assault or Battery Exclusion.

> 2. *Plaintiff Cannot Rely on the Assault or Battery Exclusion to Avoid Defending Beach Eatery from Cates' Assault Claim*

██ Having found that the insurance policy is ambiguous and that the reasonable force provision applies when in conflict with the no force provision, the court must next determine if it is conceivable that the complaint in the Cates lawsuit alleges facts covered under the insurance policy. *See Woo,* 161 Wash.2d at 56, 164 P.3d 454.

██ Washington law requires that the duty to defend be analyzed in accordance with the allegations in the complaint in the underlying lawsuit. *See Nat'l Sur. Corp. v. Immunex Corp.,* 176 Wash.2d 872, 879, 297 P.3d 688 (2013). "[T]he duty to defend " 'arises when a complaint against the insured, *construed liberally,* alleges facts which *could,* if proven, impose liability upon the insured within the policy's coverage.' " " *Id.* (emphasis added) (citations omitted). "The duty to defend ... is based on the *potential for liability.*" *Woo,* 161 Wash.2d at 52, 164 P.3d 454 (emphasis in original). And "[a]n insurer is not relieved of its duty to defend unless the claim alleged in the complaint is 'clearly not covered by the policy.' " *Id.* at 53, 164 P.3d 454. "[T]he duty to defend is triggered if the insurance policy conceivably covers the allegations in the [underlying] complaint...." *Id.* "Conceivably" is a very low threshold, and one that is quite easy to reach.

Here, while the complaint does not allege that Defendants used reasonable force in the altercation with Cates, an allegation that would clearly trigger the duty to defend, it must be remembered that the Court must liberally interpret the complaint when analyzing whether there is a contractual duty to defend. *Nat'l Sur. Corp.,* 176 Wash.2d at 879, 297 P.3d 688.

Plaintiff argues that if the reasonable force provision applies, then every insured defendant alleged to have assaulted someone will claim that they used reasonable force, and thus will be insured as a result, leading to an absurd result providing coverage for those who were intended to be excluded from coverage via the Assault or Battery Exclusion. ECF No. 31 at 9. However, this is exactly what is required under the wording of the entire insurance policy (with all modifications including the Assault or Battery Exclusion), as construed under Washington insurance law. Under the principles which animate this field of law, not the least of which is that

insurance policies are to be construed in favor of coverage when there are different but reasonable interpretations, this ruling is driven by the language of the policy before this court. *Moeller*, 173 Wash.2d at 272, 267 P.3d 998.

As noted, an insurer is relieved of its duty to defend only if the underlying complaint is clearly not covered by the policy. *Woo*, 161 Wash.2d at 53, 164 P.3d 454. However, there is no such clarity in this case. The Commercial General Liability Coverage Form states that the insurer is obligated to cover damages for "bodily injury" or "property damage." ECF No. 1–1 at 41. The Liquor Liability Coverage Form states that the insurer is obligated to cover injuries sustained by "selling, serving or furnishing of any alcoholic beverage." ECF No. 1–1 at 75. Both of these provisions are modified by certain exclusions and modifications. The closest modification that applies as to the alleged assault is the no force provision, but this Court has already ruled that the reasonable force provisions prevail. The Cates complaint lists several causes of action all stemming from the injuries Cates received in the incident with Beach Eatery's employees. One of Cates' claims is assault: he alleges that he "was physically assaulted and pushed into the street onto his back." ECF No. 1–2 at 4. Conceivably, this was the "result[ ] from the use of reasonable force ... to protect persons or property." ECF No. 1–2 at 69. In accordance with these facts and principles, the Court finds that it ·is at least *conceivable* that the complaint alleges facts which *could* make the complaint fall within the policy's coverage. In other words, it is conceivable that the expected or intended force Beach Eatery's security staff used against Cates as alleged in the underlying lawsuit was reasonable, and thus within the policy's coverage. Thus, Plaintiff cannot avoid its duty to defend Defendants on

the assault allegation in the underlying Cates lawsuit by relying upon the no force provision.

3. *Plaintiff Does Not Have a Duty to Defend Defendants' Alleged Defamation*

■ Defendants ·argue that Cates' defamation claim invokes Plaintiff's duty to defend. ECF No. 24 at 17–21. They cite *American Best Food, Inc. v. Alea London, Ltd.*, 168 Wash.2d 398, 229 P.3d 693 (2010) to support their position. In that case, two patrons of a nightclub started a fight with each other. *Id.* at 402–04, 229 P.3d 693. Just outside the nightclub, one of the patrons (Antonio) shot the other (Dorsey). *Id.* Security returned fire, and wounded Antonio. *Id.* Security dragged Dorsey inside. ·*Id.* Security was then ordered to remove him and did so, leaving him by the curb of the street. *Id.* Dorsey sued the nightclub, alleging that it "failed to take reasonable precautions to protect him against criminal conduct despite considerable notice of the potential harm[,]" and that "the security guards exacerbated his injuries by dumping him on the sidewalk after he was shot." *Id.* The nightclub "sought protection from its insurer, Alea London, Ltd." *Id.* Alea denied its duty to defend on the ground that the insurance policy it had with the nightclub had an exclusion which excluded insurance coverage "for injuries or damages 'arising out of' assault or battery." *Id.* The *Alea* Court, in reviewing the assault and battery exclusion before it, recognized that claims that an insured acted negligently after an excluded event can be covered. *Id.* at 410–11, 229 P.3d 693.

Here, Defendants argue that *Alea* applies because the defamation occurred after the alleged assault and was "independent *enough* to warrant a defense[,]" and thus, *Alea's* holding dictates that Capitol

has a duty to defend. ECF No. 24 at 19 (citing *Alea,* 168 Wash.2d at 408, 229 P.3d 693). However, this argument fails to note that the exclusion in *Alea* was significantly different from the one here. The exclusion in *Alea* stated that "[t]his insurance does not apply to any claim *arising out of* ... [r]eporting to the proper authorities or failure to so report...." *Alea,* 168 Wash.2d at 406, 229 P.3d 693 (emphasis added). However, the exclusion in this case (hereafter referred to as the "reporting provision") disclaims any coverage for " 'bodily injury,' 'property damage,' 'personal and advertising injury' or 'injury' ... *arising out of, resulting from, or in connection with ... regardless of their sequence or any concurring cause ...* [t]he reporting to the proper authorities or failure to do so by you, any insured, or any person or legal entity...." ECF No. 1–1 at 70 (emphasis added). Unlike the exclusion in *Alea,* the exclusion in this case is much broader and is not limited by time. Even if the defamation claim might not fit under the category of harm arising out of reporting to the proper authorities, it surely fits into the category of harm in connection with the reporting to the proper authorities regardless of its sequence to the underlying alleged assault. While the Court must construe ambiguities in favor of the insured, it cannot construe it in favor of coverage where it clearly is not covered by the policy. *See Moeller,* 173 Wash.2d 264, 272, 267 P.3d 998 (2011) (stating that ambiguities in insurance policies are to be read in favor of coverage); *Quadrant Corp.,* 154 Wash.2d at 171, 110

P.3d 733 (stating that the court "may not modify" an insurance policy "or create ambiguity where none exists."); *Allstate Ins. Co.,* 131 Wash.2d at 424, 932 P.2d 1244 ("An ambiguity exists only if the *language on its face* is fairly susceptible to two different but reasonable interpretations." (emphasis in original)) (internal quotations and citations omitted). In other words, the Court cannot construe an ambiguity where the wording in question lacks ambiguity. The policy, as to defamation, definitively and expressly lacks such ambiguity, and thus the common law interpretation of insurance law has no effect in this regard. Unlike the argument concerning the conflict between the reasonable force provisions and the no force provision, Defendants have not pointed to any provision which would provide any basis to create at least an ambiguity that can be construed in their favor.

■■■ Defendants argue that the use of reasonable force created the defamation claim. ECF No. 24 at 13. Thus, the same analysis which applies to the other claims applies to the defamation claim, namely that the reasonable force provision applies over the no force provisions, and thus Plaintiff has a duty to defend Defendants against the defamation claim. *Id.* However, this argument fails to consider the exact wording of the reasonable force provisions, the nature of a defamation claim, and the presence of the reporting provision. The reasonable force provisions apply only to "bodily injury"[3] or "property damage"[4] in the Commercial General Lia-

---

3. The Commercial General Liability Coverage Form defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." ECF No. 1–1 at 53.

4. The Commercial General Liability Coverage Form defines the following terms:

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

....

17. "Property damage" means:
 a. Physical injury to tangible property, including all resulting loss of use of that

bility Coverage Form, and to "injury"[5] in the Liquor Liability Coverage Form. ECF No. 1–1 at 69. The harm referred to in the reasonable force provisions is only physical harm to persons or property. *Id.* at 53, 55, 69, 79. Defamation requires that the injured party prove "(1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages." *Grange Ins. Ass'n v. Roberts,* 179 Wash.App. 739, 320 P.3d 77, 93 (2013). None of these elements relate to physical harm; defamation is based on damage to reputation. ECF No. 24 at 18; *see generally Grange Ins. Ass'n,* 320 P.3d at 93 (listing the elements of defamation). As the reasonable force provisions do not address the type of harm defamation causes, and as the reporting provision directly addresses such a defamation claim as in this type of case, there is not even an ambiguity that can be construed in favor of coverage. Thus, Plaintiff does not have a duty to defend Defendants on the defamation claim.

Both parties' raise arguments based on *McAllister v. Agora Syndicate, Inc.,* 103 Wash.App. 106, 11 P.3d 859 (2000). However, as it is clear upon other grounds that Plaintiff owes no duty to defend on the defamation claim, this court need not address this issue.

property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
 b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
ECF No. 1–1 at 54–55.

5. The Liquor Liability Coverage Form defines the following terms:
 1. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
 . . . .

## IV. PLAINTIFF'S MOTION TO STRIKE EVIDENCE

▇▇▇ The Federal Rules of Evidence has certain standards regarding the admissibility of evidence. Evidence must be relevant to be admissible; "[i]rrelevant evidence is not admissible." Fed.R.Evid. 402. And "[e]vidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. "Relevance is typically a low bar to the admissibility of evidence," and is thus a low threshold to pass. *Jones v. Ford Motor Co.,* 204 Fed.Appx. 280, 283 (4th Cir.2006). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403.

▇▇▇ Plaintiff argues that the Hibbard Declaration, ECF No. 28, includes statements regarding what Hibbard states was reasonable force. ECF No. 33 at 3. Plaintiff argues that such statements, while relevant to the outcome of the Cates lawsuit, are irrelevant before this Court because Cates' complaint did not allege reasonable force, and the duty to defend is deter-

5. "Injury" means damages because of "bodily injury" and "property damage", including damages for care, loss of services or loss of support.
 . . . .
7. "Property damage" means:
 a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
 b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that caused it.
ECF No. 1–1 at 79.

mined by the injured's complaint and not the insured's answer and defenses. *Id.* at 3–4. Thus, Plaintiff argues that the Hibbard Declaration's statements about reasonable force should be stricken. *Id.*

The Court finds the contested statements in the Hibbard Declaration, ECF No. 28, to be admissible and relevant evidence to this case. These statements are relevant for the determination of coverage. This evidence applies directly to the determination of whether reasonable force was used, and thus applies to the determination of whether there was a duty to defend those claims which are covered under the reasonable force provisions of the Assault or Battery Exclusion. Even though not necessarily dispositive of the issue, it at least raises a conceivable basis for coverage, thus triggering the insurer's duty to defend. *See Woo,* 161 Wash.2d at 53, 164 P.3d 454. Plaintiff's motion to strike is denied. The pertinent statements in the Hibbard Declaration are relevant to this case.

## V. *CONCLUSION*

In conclusion, the Court finds an ambiguity in the terms of the insurance policy, in which it is reasonable for the insured to believe coverage was available for damage resulting from the use of reasonable force in protecting persons or property. Therefore, as there is a factual basis in the Cates complaint that this occurrence conceivably resulted from reasonable force, Plaintiff cannot avoid its duty to defend the assault claim by relying upon the Assault or Battery Exclusion. However, Plaintiff owes no duty to defend the defamation claim. While Defendants' cross-motion vaguely seeks a finding of a duty to defend, to the extent this would require an analysis of the remaining Cates claims of negligence and whether they would fall within the

reasonable force exception to the Expected and Intended Injury Exclusion or within a provision of the Assault and Battery Exclusion, in the absence of briefing on point, the Court declines to so inquire at this time. And as there is an ambiguity in the insurance policy which makes reasonable force a basis for coverage, and as Defendants claim that they exercised reasonable force in the altercation which is the subject of the underlying lawsuit, the Hibbard Declaration's contested statements are relevant, and thus Plaintiff's Motion to Strike is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 21,** is **GRANTED IN PART** (no duty to defend as to defamation) and **DENIED IN PART** (remainder).

2. Defendants' Cross–Motion for Summary Judgment, **ECF No. 24,** is **GRANTED IN PART** (ambiguity as to the use of force) and **DENIED IN PART** (remainder).

3. Plaintiff's Motion to Strike, **ECF No. 33,** is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.