O'Shei v Utica First Ins. Co. (2021 NY Slip Op 03786)





O'Shei v Utica First Ins. Co.


2021 NY Slip Op 03786


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1237 CA 19-02019

[*1]ADAM O'SHEI, PLAINTIFF-RESPONDENT,
v
UTICA FIRST INSURANCE COMPANY, DEFENDANT-APPELLANT. 






FARBER BROCKS & ZANE L.L.P., GARDEN CITY (ANDREW J. MIHALICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE CAVALL LAW FIRM, PLLC, WILLIAMSVILLE (DIANA B. CAVALL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered October 29, 2019. The order, among other things, denied the cross motion of defendant for summary judgment and granted in part plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety and vacating the award of judgment to plaintiff, and as modified the order is affirmed without costs.
Memorandum: This action involves a dispute over insurance coverage arising from an incident in which William Sager, Jr. (decedent) sustained fatal injuries when a bar manager at a nightclub shoved him, causing him to fall down an entire flight of stairs. The bar manager ultimately pleaded guilty to manslaughter in the first degree (Penal Law § 125.20 [1]) and was sentenced to 18 years in prison. We affirmed the judgment of conviction (People v Basil, 156 AD3d 1416 [4th Dept 2017], lv denied 31 NY3d 981 [2018], reconsideration denied 31 NY3d 1114 [2018]). The nightclub at issue was operated by NHJB, Inc., doing business as Molly's Pub (NHJB), whose sole shareholder was Norman Habib. Plaintiff was an off-duty police officer providing security for the nightclub.
At all relevant times, NHJB and Habib were insured by a policy issued by defendant, which disclaimed coverage when initially notified about the incident within days of its occurrence. After an action was commenced against plaintiff, NHJB, Habib, and other parties (Sager v City of Buffalo, 151 AD3d 1908 [4th Dept 2017]), plaintiff sought coverage from defendant, which disclaimed coverage relying on, inter alia, an assault and battery exclusion contained within the policy.
Plaintiff thereafter commenced this declaratory judgment action. NHJB and Habib also commenced an action seeking, among other things, a declaration that defendant was required to defend and indemnify them in the underlying lawsuit. After the parties in the NHJB and Habib action filed summary judgment motions, Supreme Court granted in part the motion of NHJB and Habib for partial summary judgment, denied defendant's cross motion, and ordered, among other things, that defendant was obligated to defend NHJB and Habib in the underlying action "through the completion of discovery." On appeal, however, we determined that defendant was entitled to summary judgment in the declaratory judgment action brought by NHJB and Habib, and we adjudged and declared that defendant was not obligated to defend or indemnify them in the underlying action (NHJB, Inc. v Utica First Ins. Co. [appeal No. 4], 187 AD3d 1498, 1499 [4th Dept 2020]).
In the instant action, plaintiff moved for summary judgment seeking, inter alia, a declaration that defendant is obligated to defend him in the underlying action. Defendant cross-[*2]moved for summary judgment on its counterclaims and sought, inter alia, dismissal of the complaint. As it did in the action brought by NHJB and Habib, the court granted in part plaintiff's motion for summary judgment, denied defendant's cross motion, and ordered, inter alia, that defendant was obligated to defend plaintiff in the underlying action through the completion of discovery. Defendant now appeals.
Although we concluded in NHJB, Inc. that the assault and battery exclusion in the policy issued by defendant precluded insurance coverage for NHJB and Habib (187 AD3d at 1500), we do not reach the same result here. We cannot say that all of the claims in the underlying action against plaintiff are based on or arise out of the bar manager's assault (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 351 [1996]; U.S. Underwriters Ins. Co. v Val-Blue Corp., 85 NY2d 821, 823 [1995]). Among other causes of action, the plaintiff in the underlying action alleged that plaintiff here unlawfully arrested decedent following the bar manager's assault, and this cause of action is separate and distinct from the conduct to which the assault and battery exclusion would apply. Stated another way, the cause of action would still exist notwithstanding the assault (cf. Mount Vernon Fire Ins. Co., 88 NY2d at 350). For the same reason, we reject defendant's contention that the policy's dram shop exclusion precludes insurance coverage for plaintiff.
Although we reject defendant's further contention that the incident does not constitute an occurrence under the terms of the policy (see Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145 [2000]; NHJB, Inc., 187 AD3d at 1500), we nevertheless agree with defendant insofar as it contends that plaintiff did not, as a matter of law, establish that he is entitled to coverage (see Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 218 [2002]; York Restoration Corp. v Solty's Constr., Inc., 79 AD3d 861, 862 [2d Dept 2010]). Specifically, there is an issue of fact whether plaintiff is an insured as that term is defined in the policy, i.e., whether, at the time of the incident, he was an employee of the nightclub acting within the scope of his employment. We therefore modify the order by denying plaintiff's motion in its entirety. Inasmuch as we conclude that an issue of fact exists whether plaintiff is entitled to coverage under the policy, we reject defendant's further contention that it is entitled to summary judgment on that issue.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court